UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEANDRO R. P., | : |
| Petitioner, | : Civ. No. 20-3853 (KM) |
| v. | : |
| THOMAS DECKER, *et al.*, | : **OPINION** |
| Respondents. | : |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Leandro R. P.,[1] is an immigration detainee currently held at the Hudson County Correctional Center, in Kearny, New Jersey. He is proceeding by way of counsel with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (DE 1.) On April 17, 2020, I granted Petitioner's motion for a temporary restraining order ("TRO"). (DE 30.) Presently before the Court is Petitioner's request for a preliminary injunction. (DE 37.) For the reasons set forth below, a preliminary injunction will be granted. This opinion incorporates by reference my prior opinion granting temporary injunctive relief, supplementing only as necessary.

## II. BACKGROUND

Petitioner previously filed a Motion for an Order to Show Cause, Preliminary Injunction, and Temporary Restraining Order ("TRO") seeking his release from custody. (DE 4.) On April 17, 2020, I granted Petitioner's request for a TRO, finding that he had shown a likelihood of success on his conditions of confinement claim and that he would more likely than not face irreparable

---

[1] Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified herein only by his first name and last initial.

harm if his detention continued. (DE 29; DE 30.)² I subsequently scheduled a hearing to determine whether the TRO should be converted into a preliminary injunction. (DE 30.) The parties submitted supplemental briefs and presented oral argument on May 18, 2020. (DE 37; DE 38; DE 39; DE 40.)

### A. Petitioner's Background

Petitioner is a 32-year-old native and citizen of the Dominican Republic. (DE 17-2 at 4.) He arrived in the United States on or about August 7, 1993 at the age of five as a Lawful Permanent Resident. (*Id.*) He has resided in New York since that time. (DE 1 at 15–16.)

Petitioner has been arrested numerous times, most of which have resulted in convictions. (DE 17-1.) As a result of his convictions, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") and served with a Notice to Appear on January 22, 2020 which placed him in removal proceedings. (DE 17-2.) He is subject to mandatory detention under 8 U.S.C. § 1226(c) and he has remained in detention since that time. (DE 17-3; DE 1 at 16.) Petitioner denies removability and his immigration proceedings are currently ongoing. (DE 1 at 16.)

Petitioner suffers from hypertension, asthma, and a long history of smoking. (DE 19 at 7; DE 19-1.) He also alleges that he is suffering from symptoms consistent with traumatic brain injury, as a result of blunt force trauma and a seizure he suffered in February 2020. (DE 19 at 16-17.)

### B. Conditions at HCCC

In their brief opposing a preliminary injunction, Respondents provide an updated declaration from Ron Edwards, the Direction of the Hudson County Department of Corrections and Rehabilitation. (DE 38-1.) This amended declaration largely mirrors Mr. Edwards' prior

---

² A subsequent amended order was entered which modified Petitioner's conditions of release. (DE 33.)

declaration, but supplements and updates it. (*Compare* DE 17-5, *with* DE 38-1.) Some of the most pertinent updated information is that most detainees are currently housed by themselves, that common areas are being cleaned "continuously" during a 16-hour period of the day, and that detainees may request disinfectant wipes from staff. (DE 38-1 at 3–4.) Significantly, the amended declaration also provides updated numbers of confirmed cases of COVID-19 at the facility. (*Id.* at 10.) Since the prior declaration, 14 more ICE detainees, 13 more county and federal inmates, and 85 more staff members have tested positive. (*Compare* DE 17-5 at 10, *with* DE 38-1 at 10.) Tragically, five staff members have also since died from complications due to COVID-19. (DE 17-5 at 10.) Out of 104 inmates and detainees who have been tested for the virus, roughly 41% have tested positive. (*Id.*) Approximately 40% of correctional staff who have been tested have received positive results as well. (*Id.*)

### III.   LEGAL STANDARDS

To obtain a preliminary injunction, a petitioner must provide a "threshold" showing of two critical factors: (1) a likelihood of success on the merits of his claim; and (2) that he is "more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). A likelihood of success on the merits requires "a showing significantly better than negligible but not necessarily more likely than not." *See id.* Additionally, "[h]ow strong a claim on the merits is enough depends on the balance of the harms: the more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief." *Id.* at 178 (quoting *Hoosier Energy Rural Elec. Coop., Inc. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 725 (7th Cir. 2009)). If these two "gateway factors" are met, then the Court considers the remaining two factors which aim to balance the equities of the parties: "the possibility of harm to other interested persons from the grant or

denial of the injunction," and "the public interest." *Id.* at 176 (quoting *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)). The Court considers, "in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.

## IV.     DISCUSSION

Based upon the evidence before the Court, it does not appear that the conditions at HCCC have substantially changed since I issued Petitioner's request for a TRO. In fact, it appears that the number of confirmed COVID-19 cases has continued to increase. (*Compare* DE 41-1, *with* DE 32-1.) The number of detainees infected with the virus has increased five-fold since the Court's prior opinion and 35 more staff members have tested positive. (*Compare* DE 41-1, *with* DE 32-1.) Tragically, another staff member has also passed away from complications due to COVID-19. (DE 41-1 at 11.) It is not necessary to resolve factual disputes such as how often high touch surfaces are cleaned, since the critical point is that the number of confirmed COVID-19 cases has continued to rise. At the same time, Petitioner's medical conditions remain unchanged. (DE 37 at 1.) He continues to suffer from hypertension, asthma, and a history of smoking, all of which place him at a higher risk of severe illness if infected with COVID-19. *See* Ctrs. for Disease Control and Prevention, *Groups at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited May 22, 2020).

Although Respondents argue that other courts within this district have found conditions at HCCC to be constitutional, I find that the cases Respondents cite are distinguishable. (DE 38 at 1.) Neither case, *Carmen R. v. Decker*, Civ. No. 20-3675, 2020 WL 2029337 (D.N.J. Apr. 28, 2020) nor *Jorge V.S. v. Green*, Civ. No. 20-3675, 2020 WL 1921936 (D.N.J. Apr. 21, 2020), involved a petitioner who was medically vulnerable. *See Carmen R.*, 2020 WL 2029337, at *9

4

(finding that petitioner lacked "adequate documentation to substantiate an asthma diagnosis"); *see also Jorge V.S.*, 2020 WL 1921936, at *4 (finding that petitioner had no "pre-existing serious medical condition"). In the instant case, however, Petitioner has submitted competent evidence that he suffers from conditions which make him medically vulnerable. Respondents do not appear to dispute these conditions either.

Given these considerations and the evidence presented, I find that nothing in the record alters my prior decision. The ever-increasing number of cases has only enhanced Petitioner's likelihood of success on the merits of his conditions of confinement claim and, if anything, the potential for irreparable harm to this Petitioner has also increased. I recognize that Respondents have a legitimate interest in enforcing immigration laws, ensuring Petitioner does not abscond, and protecting the public. At the same time, the harm to Petitioner if he remains detained is high. Thus, I believe Respondents' concerns and Petitioner's interests can be balanced with appropriate conditions of release. The specific conditions of his release are set forth in the Order accompanying this Opinion, which adopts the proposed order jointly submitted by the parties. (DE 42.)

### V.   CONCLUSION

For the foregoing reasons, Petitioner's request for a preliminary injunction (DE 37) will be granted. An appropriate Order accompanies this Opinion.

DATED: May 22, 2020

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge